UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DONALD RAY LUCAS                                                                                         PETITIONER

v.                                                                                         CIVIL ACTION NO. 3:06CV-233-H

COMMONWEALTH OF KENTUCKY                                                                    RESPONDENT

**MEMORANDUM OPINION**

Petitioner filed a handwritten petition for writ of habeas corpus on lined paper. In the petition, he claims that "'It is a violation of due process to send a person to prison or punish him when his probation is not revoked!'" He thus requests "fast and speeded release" from the Kentucky State Reformatory ("KSR"). He also claims, "I can't get Hardin County Circuit Court to rule on this other pro se motion I filed in their court! Also every time I have a hearing they put it off and send me back to K.S.R." Given this scant information provided by Petitioner, the Court directed him to fill out a court-supplied form for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and to provide more information about his claim(s) (DN 11).

In the response (DN 12), Petitioner advises that he was incarcerated on "P.V. charges" in Hardin County, "not on conviction." He reports that he is filing "on being in prison with no time revoked!" and alleges a due process violation due to being placed in KSR without a hearing "on lies by Lewis Lawson and Mrs. Bailey." He also notes that he has "filed in many courts but never got a ruling on this." He advises that he is currently out of jail, and the record reveals that he was released from incarceration within a month of filing this action.

On review, the Court finds the petition for writ of habeas corpus to be without merit. As relief, Petitioner primarily seeks immediate release from KSR. Because he was released within a month of filing the petition, his request is moot. To the extent, however, that Petitioner may be

challenging his cited Hardin Circuit Court conviction and/or sentence, such challenge is premature as he fails to demonstrate that he has exhausted all available state remedies or demonstrated their inadequacies prior to filing the petition. *See* 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193 (6th Cir. 1995). Finally, to the extent that he wants this Court to compel the Hardin Circuit Court to rule on his *pro se* motions, he is requesting mandamus relief, and federal courts "have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Haggard v. State of Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970).

For these reasons, the Court will deny the petition and dismiss the action by separate order.

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). When a district court denies a habeas petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal. *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the

district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its rulings to be debatable. Thus, a certificate of appealability must be denied.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:   Petitioner, *pro se*
4412.005